IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHNNIE KING, | § | |
| | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0115 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
|    Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JOHNNIE KING.  By his habeas application, petitioner challenges a December 2, 2002 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offense of criminal solicitation, a Level 1, Code 10 offense, and threatening to inflict harm on another inmate, a Level 2, Code 22 offense.  Petitioner was punished with the forfeiture of 365 days previously accrued good time credits.[1]

Following the finding of guilt in the disciplinary proceeding, petitioner filed a Step 1 grievance which was denied on January 15, 2003.  Petitioner then filed a Step 2 grievance which was denied on February 13, 2003. For the reasons hereinafter set forth, it is the opinion of the

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution.  *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.

# I.
# STATE COURT CONVICTION

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a judgment and sentence out of the 173rd Judicial District Court of Henderson County, Texas. In *State v. King*, No. B-8638, petitioner pleaded guilty to the offense of deadly conduct, and on November 17, 1998, petitioner was sentenced to a term of imprisonment of ten (10) years.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

# II.
# PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20030085876 in the following respects:

1. The evidence was insufficient;

2. Petitioner was denied due process because he was denied the right to call and question the charging officer;[2] and

3. The disciplinary captain showed deliberate indifference to evidence favoring petitioner.

---

[2]Respondent has argued petitioner's second claim is procedurally barred because petitioner failed to present it at all stages of the grievance procedure. This Court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2).

III.
MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

In this case, petitioner appears to aver in his second claim, that his due process rights were violated under Section (2) listed above, because he was denied an opportunity to call witnesses and/or present documentary evidence when such presentation was not unduly hazardous to institutional safety or correctional goals. Specifically, petitioner alleges he was not allowed to call as a witness, Officer Bagby, the charging officer. As argued by respondent, the service investigation worksheet indicates petitioner requested only Officer Bramlett as a witness

and requested no documentary evidence.    Respondent's Answer, Exhibit B at 12.  Officer Bramlett testified by phone and was questioned by petitioner's counsel substitute.  Although the hearing tape is not entirely audible, it does not appear, and it is respondent's position, that petitioner did not request Officer Bagby, the charging officer, as a witness.  Further, petitioner has not shown prejudice because he has failed to instruct the Court what the officer would have testified about relevant to petitioner's case.  The record does not indicate petitioner was denied any witnesses or documentary evidence.

Additionally, the right to call witnesses at a prison disciplinary hearing is not absolute.  Prison officials may deny a request when the projected testimony is irrelevant, is unnecessary, or creates a hazard to institutional safety or correctional goals.  In *Ponte v. Real*, 471 U.S. 491, 499, 105 S.Ct. 2192, 2197, 85 L.Ed.2d 553 (1985), the Supreme Court remarked that the discretion of prison officials was so broad that "it may be that a constitutional challenge to a disciplinary hearing [based upon an inmate's right to call witnesses] . . . will rarely, if ever, be successful."  This case does not present one of those rare instances where the denial of witnesses, even if such was erroneous, justifies relief to petitioner.  This claim is without merit.

Next, petitioner claims in his first ground, that the evidence was insufficient to convict him and in his third ground, that the hearing officer rejected evidence favorable to petitioner.  The hearing officer noted he relied on the charging officer's report, the testimony of witness Officer Bramlett, and the testimony of Officer Marisol who confirmed the threatening note at issue was in petitioner's handwriting and signed with the alias "Low," an alias used by petitioner.  Petitioner claims the favorable evidence which was rejected was the fact that the note at issue was not in his handwriting, that "Low" was not his alias, that such note came from a cell

other than his, and that it was not found in his cell or on his person. The evidence relied upon by the hearing officer constitutes some evidence and is sufficient to support the disciplinary conviction.

The hearing captain relied on the officers' testimony and was free reject petitioner's argument that he did not send the threatening note or solicit another inmate. Petitioner's claim must fail.

## IV.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JOHNNIE KING is without merit and should be, in all things, DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of June 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any

objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).